**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

GREGORY SEEHAVER, Civil No. 00-2303 DDA/FLN

Plaintiff,

vs.

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

ROOFERS LOCAL 96 HEALTH AND WELFARE FUND,

Defendant.

---

Novitzke, Gust & Sempf, by TIMOTHY T. SEMPF and JASON W. WHITLEY, Amery, Wisconsin, appeared on behalf of Plaintiff.

Rosene, Haugrud & Staab, Chartered, by ANDREW E. STAAB and PETER M. ROSENE, St. Paul, Minnesota, appeared on behalf of Defendant.

---

The question in this case is whether Defendant Roofers Local 96 Health and Welfare Fund ("the Fund") must pay medical benefits for an injury Plaintiff Gregory Seehaver ("Seehaver") sustained while Seehaver was "moonlighting." Both parties have moved for summary judgment. Summary judgment is appropriate if no genuine issue of material fact exists and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). For the reasons stated in this Order, the Court will grant Seehaver's motion and will deny the Fund's motion. Both parties also have moved for an award of costs and fees in conjunction with their dispositive motions. The Court will consider additonal submissions in support of Seehaver's motion for such an award and will deny the Fund's motion.

I.

The parties do not dispute the pertinent facts. Seehaver is a roofer by profession and has been a member of Roofers Local 96 ("the Union") since 1988. As a member of the Union, Seehaver received health and welfare benefits through the Fund. Seehaver incurred $28,045.32 in medical expenses after Seehaver fell and fractured his leg on October 23, 1999. Seehaver's

FILED DEC 0 6 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

injury occurred while Seehaver was working for pay on the roof of an acquaintance's barn in River Falls, Wisconsin. According to Seehaver, the work on the barn was "a free lance roofing job which I took to supplement my regular income because union work was down at the time." (Seehaver Aff. ¶ 14.) Although Seehaver took this "supplemental" roofing job on his own and independent from the Union, Seehaver never has held himself out as an independent roofing contractor or maintained a roofing business separate from his full-time Union employment. Id. at ¶ 10, 11, 13. The record, furthermore, contains no evidence that Seehaver regularly took or intended to take other independent roofing jobs to supplement his income.

Seehaver submitted his medical bills related to the October 23, 1999, injury to the Fund for payment. The Fund denied payment on the ground that the Fund's Summary Plan Description (Whitley Aff. Ex. B) excluded coverage for "any work-related injury for which you [are], or could have been, entitled to benefits under a Workers' Compensation or occupational disease law." Id. at 21. Seehaver appealed the denial of coverage to the Fund's Board of Trustees. (Staab Aff. Ex. 7.) The Board of Trustees denied the appeal, taking the position that Seehaver was eligible for, and thus "could have" obtained, workers' compensation coverage for his independent roofing job under Wisconsin law. Id.

II.

Wisconsin allows a sole proprietor of a business to elect to be treated as an employee for purposes of obtaining workers' compensation coverage if that person is engaged in "business on a substantially full-time basis." Wis.Stat. § 102.075(1). According to the Fund, Seehaver could have elected to obtain workers' compensation coverage for himself under that statute because at the time of his injury Seehaver was acting as a self-employed roofer. Seehaver, on the other hand, contends that he could not have made such an election because he never was self-employed on "a substantially full-time basis." Given that the facts are not in question, the Fund's coverage determination turns entirely upon the Fund's interpretation of Wis.Stat. § 102.075(1). The Court

reviews the Fund's statutory interpretation de novo.[1]

No reported Wisconsin decision has construed the "substantially full-time basis" provision of Wis.Stat. § 102.075(1). As a qualifying term, however, the commonly accepted meaning of "substantially" is "for all intents and purposes," and persons in business on a "substantially full-time basis" therefore would spend most or all of their wage-earning hours working for that business[2]. That construction is consistent with the use of "substantially full-time basis" in federal tax law, where the term occurs with some frequency. See, e.g., 26 C.F.R. § 1.214A-4 ("an individual is considered to be gainfully employed on a substantially full-time basis if he is employed for three-quarters or more of the normal or customary work week or the equivalent on average during a month"); Heublein, Inc. v. United States, 996 F.2d 1455, 1466 (2nd Cir. 1993) (same). Seehaver accordingly was not working as a self-employed roofer "on a substantially full-time basis" for purposes of Wis.Stat. § 102.075(1) unless Seehaver on average

---

[1] The parties dispute whether the Court reviews the Fund's decision to deny benefits to Seehaver under a de novo standard or under a deferential abuse of discretion standard. As the Fund suggests, the Summary Plan Description allows the Fund's Trustees substantial discretion to interpret the terms of the Fund and to make factual determinations regarding coverage decisions. This case, however, does not involve the Fund's construction of plan documents or the Fund's findings of fact. An issue of statutory interpretation is subject to de novo review regardless of the amount of discretion the Fund retains in other contexts. Meyer v. Duluth Bldg. Trades Welfare Fund, 149 F.Supp.2d 1093, 1101 n.5 (D. Minn. 2001). Cf. Marolt v. Alliant Techsystems, Inc., 146 F.3d 617, 620 (8th Cir. 1998) (noting that an ERISA plan administrator has no discretion to make a coverage determination that is erroneous as a matter of law).

[2] The Fund argues that this interpretation effectively precludes some start-up contractors, who may not initially be able to sustain a three-quarters level of full employment, from electing to be treated as employees under Wis.Stat. § 102.075(1), and thereby discourages the creation of new businesses. The same statute, however, includes a provision which expressly disallows the Fund's coverage position with respect to Seehaver as a matter of Wisconsin law. See Wis.Stat. § 102.075(2) ("For the purpose of any insurance policy other than a worker's compensation insurance policy, no sole proprietor, partner or member may be considered eligible for worker's compensation benefits unless he or she elected to be an employee under this section.") Although this provision is not binding on the Fund, the provision supports a narrow construction of the class of persons eligible to make an election under Wis.Stat. § 102.075(1).

spent three-quarters of his work week on independent projects[3].

This record, contrary to the Fund's argument, provides no indication that Seehaver devoted significant amounts of time to independent projects. Seehaver apparently took only two independent roofing projects, including the one at issue here, in 1999, and the number of hours Seehaver spent "moonlighting" is not clear. The record also contains no evidence that Seehaver spent time actively developing his own business, i.e. in pursuing independent projects or establishing an independent business for tax purposes. The fact that Seehaver sporadically performed jobs separate from his Union employment falls far short of showing that Seehaver was self-employed on a substantially full-time basis. Although the Fund would not be required to cover Seehaver's injuries if Seehaver could have opted to obtain workers' compensation coverage and failed to do so, Wilson v. Prudential Ins. Co. of Am., 97 F.3d 1010, 1013 (8th Cir. 1996), Seehaver did not have such an option under Wis.Stat. § 102.075(1), and the Fund's exclusion of coverage for Seehaver therefore is erroneous as a matter of law.

III.

The Eighth Circuit recently emphasized that a plaintiff prevailing in an ERISA coverage dispute is presumed to be entitled to an award of attorney fees in the absence of special circumstances making such an award unjust. Martin v. Blue Cross and Blue Shield, 270 F.3d 673, 676 (8th Cir. 2001). Seehaver to date has submitted no documentation supporting his request for an award of fees. Seehaver accordingly may submit a petition for fees within the time allowed by rule, and the Fund in response may submit any evidence of special circumstances it

---

[3] The Fund also argues that, even if Seehaver was not self-employed on a substantially full-time basis, Seehaver could have chosen to work enough independent hours to be so employed and hence could have been eligible for workers' compensation benefits. In other words, the Fund suggests that it had no duty to provide benefits to Seehaver because Seehaver should have started his own business in order to obtain workers' compensation coverage. The same could be said of virtually any injured person, however, and that contention is too speculative a basis to support the Fund's denial of benefits.

deems pertinent to the issue of a fee award in light of the factors listed in Lawrence v. Westerhaus, 749 F.2d 494, 495-96 (8th Cir. 1984).

IV.

For the foregoing reasons, the Court makes the following **ORDER**:

1. The Fund's motion for summary judgment is DENIED in all respects.
2. The Fund's motion for an award of attorney fees is DENIED.
3. Seehaver's motion for summary judgment is GRANTED.
4. Both parties may submit additional materials pertinent to Seehaver's motion for an award of attorney fees in accordance with the applicable local rules.

Dated: December 4, 2001

DONALD D. ALSOP, Senior Judge
United States District Court